## Liebowitz et al. v. Allied Brewing & Distilling Co., Inc.

Dec. 15, 1939.

Morris Weintraub and William Hyman for appellants.

D. L. Hazelrigg and Louis Cox for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On August 9, 1939, the appellee and defendant below, Allied Brewing and Distilling Company, through and by its president, Harry Bernstein, entered into a contract with the appellants and plaintiffs below, Isadore Liebowitz et al., agreeing to sell to the latter certain described real estate lying in South Frankfort, Kentucky, and bordering on the Kentucky River. Immediately following the description, as contained in the contract (which was subscribed and executed by both parties), it is stated: ''As a further consideration to this contract and the sale of the hereinbefore described prop-

erty it is conditioned by and between the parties as follows." There is then enumerated six conditions or stipulations as parts and terms of the contract, but none of which are involved in this litigation except the sixth and last one. It says in part: "This contract of sale of the hereinbefore described property is subject to the approval and ratification by the Board of Directors of first party and the ability of said first party to convey to second party the hereinbefore described property free and clear of all encumbrances with the covenant of General Warranty of title. And in the event that the Board of Directors of first party do not approve this contract and the sale of the hereinbefore described property within one week from the date hereof, or the first party is unable to give second party legal and merchantable title to said property, then this contract shall be null and void and the first party shall return to second party the $1,000.00 this day received by it."

"One week" from the date of the contract, within which time the Board of Directors of the vendors should approve it to make it binding, expired on the 13th day of April, 1939, during which time no approval of the contract was made by the Board of Directors, nor did they ever approve it at any time thereafter. On the contrary, they declined to do so. On the 29th day of August, 1939, the vendees (appellants here and plaintiffs below) filed this equity action against the vendor to enforce specific performance of the contract and to make conveyance of the property to plaintiffs pursuant to the written contract of sale, which they alleged they were able and willing to perform on their part according to its terms. They furthermore alleged in their petition that Bernstein as defendant's president had been granted authority by its Board of Directors to execute the contract, but no resolution or record evidence of any character was contained in the petition or any exhibit filed therewith. In averring the authority so delegated to Bernstein the petition says: "* * * said Board of Directors authorized and empowered said Harry Bernstein as President and Agent for the said defendant corporation to find a purchaser and to enter into a contract upon behalf of and in the name of the defendants corporation selling the real estate hereinafter set forth and described."

A copy of the contract, as executed by the parties, was filed with the petition as an exhibit thereto. The court sustained defendant's demurrer filed to the peti-

tion and, plaintiffs declining to plead further, their petition was dismissed, to reverse which they prosecute this appeal.

Occasionally there is brought to this court contentions affecting the rights of litigants which are so devoid of merit, and so utterly unfounded as to make it about as difficult to write an opinion in regard thereto as it is when the question is subtle, narrow and complicated. We regard this case as one of that class. Nevertheless, counsel for appellants, in presenting their cause to this court, vigorously and earnestly contend (1) that: "A contract entered into by the President of a corporation pursuant to express precedent authority granted him by resolution of the board of directors of the corporation is sufficient to make a binding legal contract for sale of land upon behalf of the corporation." After satisfactorily—to us, as well as themselves—disposing of that one then (2): "The clause in the contract making sale subject to approval of board of directors is mere surplusage and of no effect where such approval and ratification was expressly delegated prior to the signing of the contract."

After arguing the last or second proposition to the satisfaction of counsel they then say: "Although this clause (6) was inserted in the contract, it is so one-sided —so unilateral—that having absolutely no practical application, the law should disregard it, and enforce those plain provisions of the contract previously authorized. To allow the appellee corporation to evade the terms of this legal obligation would discourage dealings with corporations because of the hazards thereby created. The appellee should not be permitted to renounce an act it had previously authorized." Having thus remodeled the contract, counsel then insist upon its specific performance as so deleted and reformed. No contention is made—nor was it possible to do so—that the reserved right of the board to approve the contract within a specified time and without which it would be null and void, was vicious, against public policy, or otherwise illegal. That being true the parties had the right to insert it as a condition in their contract, and it not being vicious, illegal, or otherwise forbidden by the law, they had the consequent right to insert or rely on it as a part of their contract.

It is true that counsel in arguing the authority of Bernstein to make the sale seeks to establish that his au-

thority, as set out in the petition (see excerpt therefrom supra), was broad enough to authorize him to make a binding and unqualified sale of the property for his corporation, and because of which, it is contended, that he had no right to enter into any other character of contract of sale, i. e., a qualified or conditional one. From those premises, counsel conclude that if he attempted to do so then all qualifying conditions detracting from an absolute sale could be discarded by the parties, as well as the courts, and the contract treated and enforced as an absolute and unconditional one.

To begin with, it is doubtful whether the inserted averment supra from the petition containing Bernstein's authority as given him by defendant's directors confined his authority to enter into only an absolute and unconditional sale of the property. But even so, if he did not choose to exercise all of it, or to act in accordance therewith and attempted to and did execute a conditional contract of sale, then the company might possibly have the right to repudiate it as having been executed by its president in violation of expressly conferred authority. But most certainly the vendees in such a sales contract are in no legal position whatever to take advantage of such a pro tanto exercise of authority and to insist upon a performance of the contract in disregard of valid conditions contained therein, and to which they agreed when they signed the contract. Therefore, there is no question in this case as to the authority of Bernstein to bind his principal in making the contract sued on. The only question is, What was the contract that he actually made with plaintiffs, his contemplated vendees? That contract said in its condition No. 6 that the sale should be null and void, unless the directors of the selling corporation approved the sale within one week from the date of the contract, or unless the vendor corporation could, at the time for the execution of the deed, convey a merchantable title. There were then two precedent conditions which, if either happened, the contract should be null and void. At least one of them did happen and it being, as we have seen, a valid one, the stipulated consequence must follow, and the contract declared as null and void.

The rule as so stated is universal and without exception when the condition precedent to the taking effect of the contract and its becoming absolute is not forbidden by the law. We will, therefore, content ourselves with

the citation of only one common law authority touching the point, and which is 14 Am. Jur. page 849, Section 296, saying: "A condition may be precedent to the existence of a contract or precedent to an obligation immediately to perform the contract. A condition precedent to an obligation to perform immediately calls for the performance of some act or the happening of some event after a contract is entered into and upon the performance or happening of which its obligation to perform immediately is made to depend. The parties are at liberty to agree upon a condition precedent upon which their liability shall depend."

If it should be conceded that Bernstein, in executing the sale contract sued on, did not carry out his full and complete authority as conferred on him by his Board of Directors, then plaintiffs, as prospective vendees under that contract, have no right to complain of such failure on his part, since it agreed thereto, and by doing so all the rights they obtained were conditioned as stated in the contract they executed with their prospective vendor. At most, and conceding the entire contention of plaintiffs touching the unqualified authority of Bernstein, the case, as presented, is one where he did not see proper to exercise his entire authority to enter into a binding contract of sale of his principal's property without submitting the proposition to his Board of Directors, and so stipulated in the contract he executed and to which plaintiffs agreed. Under no rule of law or logic may they complain or acquire rights in and to the contract contrary to its terms, and to thereby become clothed with the rights of an absolute purchaser by expunging from the contract the approving condition precedent, which Bernstein insisted upon and incorporated it in the contract as an integral part thereof, even though he was not compelled to do so under the authority conferred upon him. We deem it unnecessary to devote further time or space, or to fortify our conclusions with further citations.

Wherefore, the judgment appealed from is affirmed.